UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOSEFINA H. SEGURA | § |
| | § |
| VS. | § CIVIL ACTION NO. _____ |
| | § (DIVERSITY) |
| WAL-MART STORES TEXAS, L.L.C. | § |
| | § |
| | § |

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(B) (DIVERSITY)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant, **WAL-MART STORES TEXAS, L.L.C.**, hereby removes to this Court the state court action described below.

1. On July 16, 2018, an action was commenced in the County Court at Law No. 5, Hidalgo County, Texas, entitled *Josefina H. Segura vs. Wal-Mart Stores Texas, L.L.C.* in cause number CL-18-3149-E.

2. The first date upon which Defendant received a copy of the said complaint was July 26, 2018, when Defendant was served with a copy of the said complaint and a citation from the said State Court. A copy of the citation is *attached hereto as Exhibit B*. In accordance with Local Rule 81, the following constitutes all of the executed process, pleadings, and orders served upon Plaintiff and Defendant in this action:

   a) Plaintiff's Original Petition & Discovery Requests;
   b) Copy of Return Citation of Defendant Wal-Mart Stores Texas, LLC;
   c) Docket Sheet - State Court;
   d) Defendant's Original Answer, Affirmative Defenses to Plaintiff's Original Petition and Request for Disclosure;
   e) Defendant's Request for Jury Trial;
   f) Defendant's Certificate of Written Discovery; and
   g) Plaintiff's Response to Defendant's Requests for Disclosure and Request for Admissions.

In addition and in accordance with the Local Rule, Defendant includes a copy of the docket sheet of the state court matter *a copy of which is attached hereto as Exhibit C.*

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. As such, removal is appropriate pursuant to 28. U.S. § 1441(b).

4. On July 26, 2018, Plaintiff served to Defendant Plaintiff's Original Petition. *See Exhibit A*. In this Original Petition, Plaintiff pleads that she is seeking monetary relief that "greatly exceeds the minimum jurisdictional requirements…". *See Exhibit A* at III.

5. A court may determine that removal is proper if it is facially apparent that the claims are likely above $75,000. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). Additionally, "a removing attorney may support federal jurisdiction by setting forth *facts* in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

6. While Plaintiff's Original Petition seeks damages of an unspecified amount, it is apparent from records produced by Plaintiff that the amount in controversy likely exceeds $75,000.00. On May 21, 2018, Plaintiff produced to Defendant her partial past medical and billing records. According to these records submitted as Plaintiff's Responses to Defendant's Request for Disclosures and Request for Admissions, Plaintiff has $42,826.00 in past medical bills and the amount is increasing due to outstanding medical bills which Plaintiff's attorney has requested. *See Exhibit G*. Voluminous records show that she was diagnosed with a radiculopathy of the cervical region; radiculopathy of the lumbar region, sprain of the joints and ligaments of her neck, sprain of the muscle; fascia and tendons of the neck; sprain of the ligaments of the thoracic spine; strain of the back wall of the thorax; sprain of the lumbar ligaments; lower back strain; and back spasms. In addition to $42,856.00 in medical expenses, Plaintiff seeks damages for future medical expenses, past and future physical pain and mental anguish, and past and future disability. *See Exhibit A* at VIII.

7. Defendant is informed and believes that Plaintiff was and still is citizen of the State of Texas and resident of Hidalgo County, Texas.

8. Defendant, Wal-Mart Stores Texas, L.L.C., was, at the time of the filing of this action, and still is; a corporation incorporated under the laws of the State of Delaware, having its

principal place of business in the State of Arkansas, and has been served summons and complaint in this action.

9. Copies of all pleadings, process, orders and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. §1446(a).

10. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

11. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

12. Plaintiff did not demand a jury in the state court suit. Defendant demanded a jury in the state court suit.

13. For the foregoing reasons, Defendant asks the Court to remove the suit to The United States District Court, Southern District of Texas, McAllen Division.

DATED: **September 7, 2018**

Respectfully submitted,

/s/ *Jaime A. Drabek*
Jaime A. Drabek, Attorney-in-Charge
Federal ID No. 8643
Ricardo Benavides, Attorney
Federal ID No. 32205
R. Mikhail Hayes, Attorney
Federal ID No. 3231482
**DAW & RAY, L.L.P.**
3900 N. 10th Street, Suite 950
McAllen, Texas 78501
Telephone (956) 687-3121
Facsimile (956) 686-3188
Email: jdrabek@dawray.com

**ATTORNEYS FOR DEFENDANTS,
WAL-MART STORES TEXAS, L.L.C.**

THE STATE OF TEXAS §
§  **AFFIDAVIT**
COUNTY OF HIDALGO §

**BEFORE ME**, the undersigned authority, on this day personally appeared **R. Mikhail Hayes** of Mission, Hidalgo County, Texas, who being by me duly sworn, deposes and says that he is an attorney for Defendant in the present cause filed by Josefina H. Segura; that he has been authorized to make this Affidavit; and that he has read the foregoing Notice of Removal and knows the contents thereof, and that the matters and facts therein contained are true and correct.

FURTHER AFFIANT SAYETH NOT.

_____
R. Mikhail Hayes, Affiant

**SWORN TO AND SUBSCRIBED** before me on this 7th day of September, 2018.



JOSIE O. LUCIO
Notary Public
STATE OF TEXAS
Notary ID #6996218
My Comm. Exp. Aug. 31, 2020

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS